IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ERICA NORRIS,** | ) |
| Plaintiff, | ) CASE NO. _____ |
| v. | ) JURY TRIAL REQUESTED |
| **LEE COUNTY COMMISSION,** | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Erica Norris, by and through the undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1. Plaintiff Norris files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000e, *et seq.*), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981(a); and 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2. Plaintiff Norris filed a charge of race discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in Birmingham, Alabama on September 27, 2022. Plaintiff received a right-to-sue on January 24, 2023, giving Plaintiff the right to pursue this claim in federal court for ninety (90) days after said receipt. (Exhibit A).

3. Venue is proper in the Eastern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Lee County, Alabama.

## II.  PARTIES

4. The named Plaintiff, Erica Norris ("Plaintiff" or "Ms. Norris") is a citizen of the United States and a resident of Lee County, Alabama.  Ms. Norris is over the age of nineteen years.

5. The Defendant Lee County Commission ("Defendant" or "Commission") is a public corporation governing Lee County, Alabama.  At all times relevant to this complaint, Plaintiff was employed by Defendant.

## III.  STATEMENT OF FACTS

6. Ms. Norris is an African American female.

7. Ms. Norris has worked in the human resources field for approximately twenty (20) years.  Ms. Norris has served in numerous capacities in the human resources field and served as president of the Alabama Association of Public Personnel Administration ("AAPPA").  Ms. Norris was also elected to serve on the Opelika City Council on August 25, 2020.  She currently serves as a member and President Pro Temp of the city council.

8. On or about June 16, 2016, Ms. Norris was hired by the Lee County Commission as its Human Resource Director.

9. On or about January 2022, Holly Leverette, a Caucasian female, was hired as County Administrator and became Ms. Norris' new supervisor.  Prior to Ms. Leverette becoming Ms. Norris' supervisor, Ms. Norris received "exceeds expectations"

2

on her performance evaluations and had never been disciplined or counseled about poor performance.

10. Shortly thereafter, on or about January 24, 2022, Ms. Norris informed Ms. Leverette that she felt as if Ms. Leverette was subjecting her to harassment and discrimination on the basis of her African American race.

11. Less than two weeks later, on or about February 10, 2022, Ms. Norris again asked Ms. Leverette to stop targeting her and subjecting her to harassment.

12. A few weeks later, and approximately two (2) months after Ms. Norris' initial complaint of discrimination to Ms. Leverette, on or about March 31, 2022, Ms. Norris was issued a final written warning for purported policy violations by Ms. Leverette. Ms. Norris avers that the write-up was not warranted and that she did not commit any policy violations addressed in the write-up.

13. On or about April 4, 2022, Ms. Norris again informed Ms. Leverette that she was being discriminated against because of her race and that she was being treated differently than a Caucasian counterpart. Ms. Norris also informed Ms. Leverette that she was being retaliated against and subjected to a hostile work environment because of her African American race on or about April 22, 2022.

14. In addition, Ms. Norris also informed Ms. Leverette of a hostile work environment, retaliation, and discrimination created by Debra Brooks, Highway Administrator, and Justin Hardee, County Engineer, against African American employees in Mr. Hardee's department. Ms. Brooks and Mr. Hardee are Caucasians.

15. Ms. Norris reported that there had been African American employees that were demoted or disciplined for inappropriate behavior and Caucasian employees who

were not demoted or disciplined for similar behavior. An independent review substantiated that a Caucasian employee referred to President Joseph Biden and Vice President Kamala Harris as "The Honkie and his Hoe". The review further confirmed that the same Caucasian employee made a reference "To tie a noose around another employees throat" but no record was found that this allegation was ever followed up on by the Commission.

16. On or about June 14, 2022, Ms. Norris received Family and Medical Leave Act ("FMLA") forms from human resources. The same day, Ms. Norris provided Ms. Leverette with a copy of her leave request by placing a copy in Ms. Leverette's office. Ms. Leverette responded that the information Ms. Norris provided was not sufficient for FMLA leave. Between June 15, 2022, and June 22, 2022, Ms. Norris and Ms. Leverette communicated regarding Ms. Norris' request for FMLA leave.

17. On or about July 5, 2022, Ms. Norris contacted Martecia Rogers and Ms. Leverette to request an update on the status of her FMLA leave since fifteen (15) days had elapsed from the date she applied. Ms. Rogers stated that Ms. Leverette was handling the request. That same day, Ms. Norris emailed Bill English, Ms. Leverette's supervisor, to inform him that Ms. Leverette was retaliating against her by not timely responding to her FMLA request because she filed an earlier grievance against Ms. Leverette.

18. Ms. Norris avers that Ms. Leverette's actions were in retaliation for her prior complaints of racial discrimination and retaliation and a continuation of the discrimination that was being practiced against her because of her African American race.

19. On August 29, 2022, Ms. Norris received a letter from Mr. English stating that the Commission was considering the termination of her employment to be effective September 7, 2022. Mr. English' letter stated that Ms. Norris had committed multiple policy violations. However, Ms. Norris denies that she committed any of the policy violations cited in Mr. English's letter.

20. On September 8, 2022, Ms. Norris received a letter from Mr. English stating that she was terminated effective September 6, 2022. At the time of Ms. Norris' termination, Mr. English was aware of Ms. Norris' complaints of a hostile work environment, race discrimination, and retaliation.

21. Based on the foregoing, Ms. Norris was terminated on the basis of her race and in retaliation for reporting discrimination and harassment based on race, in violation of Title VII. Any other reason proffered by the Commission for Ms. Norris' termination is pretextual.

22. A convincing mosaic of evidence exists to demonstrate that Ms. Norris was subjected to intentional discrimination and retaliation by the Commission when it terminated her from her position of employment with the Commission.

23. As a result of the termination, Ms. Norris has lost income and the ability to provide financially for her family. In addition, Ms. Norris has incurred costs, medical bills, and attorney's fees to pursue this matter. Ms. Norris has also suffered severe mental and emotional distress, embarrassment, and the loss of enjoyment of life as a result of the Commission's action. Ms. Norris was also forced to resign her position as president of AAPPA, which caused damage to her professional reputation. In addition,

because Ms. Norris is an elected official, the Commission's actions have damaged her reputation with her constituents and the public at large.

## IV.  PLAINTIFF'S  CAUSES OF ACTION

### COUNT ONE – RACE DISCRIMINATION IN VIOLATION OF TITLE VII

24. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 23 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of racial discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000e, et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. 1981(a).

25. As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 23 above.  In addition, Plaintiff has suffered considerable mental and emotional anguish.

26. Plaintiff avers that she has pursued and exhausted her administrative remedies.

### COUNT TWO – RETALIATON IN VIOLATION OF TITLE VII

27. Plaintiff  repeats, realleges and incorporates by reference paragraphs 1 through 23 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000e, *et seq*.), as amended by the 1991 Civil Rights Act.

28. Plaintiff engaged in statutorily protected activity when she made complaints to her employer about race discrimination.

29. A causal nexus between Plaintiff's protected activity and Defendant's decision to terminate her exists. Any reason proffered by the Defendant for Plaintiff's termination is pretextual.

30. As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Plaintiff, the Plaintiff was injured and damaged, as set forth in paragraphs 1 through 23 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

31. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Norris respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant subjected Plaintiff to illegal race discrimination;

b) Judgment declaring that the Defendant subjected Plaintiff to illegal retaliation;

c) An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of race discrimination, effective from the date of final judgment;

d) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

e) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

f)    Such further, other and different relief as the Court may deem appropriate and necessary.

### V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 11th day of April 2023.

_____
Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

**OF COUNSEL:**
**HKM EMPLOYMENT ATTORNEYS LLP**
2024 3rd Ave. North, Suite 307
Birmingham, Alabama 35203
Telephone: 205-855-5284
cestes@hkm.com